UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MURTAZALI MURTAZALIEV,

Petitioner,

v. Case No. 3:26-cv-1435-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Murtazali Murtazaliev, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on June 1, 2026. He is proceeding on an Amended Petition (Doc. 3). Murtazaliev, a citizen of Russia, entered the United States on July 8, 2022. Doc. 3-1 at 4. On April 8, 2026, United States Immigration and Customs Enforcement detained Murtazaliev following a traffic stop. Id. Murtazaliev moved for a bond redetermination hearing before an immigration judge, but he later withdrew his request. Id. at 124. The crux of Murtazaliev's Amended Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. Doc. 1 at 6. As relief, he requests immediate release or an individualized bond hearing. Id. at 7.

The Federal Respondent recognizes that Murtazaliev is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Doc. 7 at 1. Nevertheless, the Federal Respondent argues that Murtazaliev has not exhausted his administrative remedies, and therefore, asks the Court to dismiss the Amended Petition. Id. at 2.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Murtazaliev has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge and received a ruling. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Murtazaliev filed the initial Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as

Murtazaliev, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Amended Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Murtazaliev's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.

3. Murtazaliev's Motion for a Temporary Restraining Order (Doc. 4), Motion to Expedite Consideration (Doc. 13), and Motion for Immediate Release and for a Ruling (Doc. 15) are **DENIED**.

4. Murtazaliev's Motion to Leave to File Reply Out of Time (Doc. 12) is **GRANTED**. The Reply (Doc. 11) is accepted as timely filed.

5. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/13
c:
Counsel of Record